24-607 (L)
*Navigators Insurance Company v. Goyard, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges*.

_____

NAVIGATORS INSURANCE COMPANY

> *Plaintiff-Appellant-Cross-Appellee*,

v.                                                              24-607 (L), 24-510 (XAP)

GOYARD, INC.

> *Defendant-Appellee-Cross-Appellant*.

_____

| | |
|---|---|
| For Plaintiff-Appellant-Cross-Appellee: | FRANK JORDAN, Kennedys CMK LP, New York, NY. |
| | Stephen V. Rible, Mendes & Mount LLP, New York, NY. |
| For Defendant-Appellee-Cross-Appellant: | EDWARD P. GROSZ (Leo G. Kailas, Brett Van Benthysen, *on the brief*), Reitler Kailas & Rosenblatt LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED and REMANDED**.

Plaintiff-Appellant-Cross-Appellee Navigators Insurance Company ("Navigators") and Defendant-Appellee-Cross-Appellant Goyard, Inc. ("Goyard") cross-appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), entered on January 31, 2024, granting summary judgment in favor of Goyard on the parties' cross-claims for declaratory relief and on Goyard's counterclaim for breach of contract; granting summary judgment in favor of Navigators on Goyard's counterclaim for attorneys' fees and punitive damages as a result of purported bad faith; and denying Goyard's motion to strike portions of Navigators' supporting declarations and affidavits as academic.  On appeal, Navigators argues that the district court erred: (1) in its analysis and interpretation of the policy at issue (the "Policy") to include Strikes, Riots, and Civil Commotion ("SS&RC") coverage for Goyard's lost goods; and (2) in applying a ten percent add-on to the claimed loss amount when the lost goods should instead be considered raw materials, supplies in storage, and/or used goods within the meaning of the Policy.  In turn, Goyard argues that the district court erred by dismissing Goyard's claim for punitive damages and attorneys' fees based on Navigators' purported bad faith denial of Goyard's claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party. *Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019).  Pursuant to Rule 56(a) of the Federal Rules

of Civil Procedure, we will affirm a grant of summary judgment "only where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law," *id.* (internal quotation marks omitted), or in other words, where no reasonable jury could return a verdict for the nonmoving party, *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) *abrogated on other grounds by Gross v. FBI Fin. Servs., Inc.*, 557 U.S. 167 (2009). Similarly, we review issues of contract interpretation *de novo*. *In re Delta Air Lines, Inc.*, 608 F.3d 139, 145 (2d Cir. 2010).

Navigators argues that the district court erred by (1) interpreting the Policy, and its attached endorsements, to unambiguously include SS&RC coverage for the lost retail goods; (2) considering some but not all of the extrinsic evidence available when interpreting the Policy, including evidence relating to the Policy negotiations, customs and practices in the insurance industry, and Navigators' expert's testimony; and (3) applying the rule of contra proferentem in reading ambiguities in the Policy against Navigators, the insurer. As we further explain below, we do not reach the second and third arguments because we conclude that the district court erred by determining that the Policy unambiguously provided SS&RC coverage for the lost retail goods.

As a threshold matter, the parties agree that both Endorsement No. 1 and Endorsement No. 4 are part of the Policy. *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 84 (2d Cir. 2013) ("[I]t is settled that in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement.") (alterations in original); *see* Navigators' Br. at 16 (characterizing Endorsement No. 4 as "the very last substantive provision of the Policy"); *id.* at 30 (conceding that "Endorsement No. 4 [] unambiguously altered the words of the Policy by adding coverage for retail goods in storage that otherwise would not exist"). The

3

parties also agree that, pursuant to Endorsement No. 1, goods in transit were insured for losses attributable to SR&CC. The question is whether the goods at Goyard's store at 20 East 63rd St., New York, New York, 10065 (the "63rd Street Store") were similarly insured. Goyard identifies three potential sources of SR&CC coverage for the goods at the 63rd Street Store (the "retail goods"): (1) the Policy Binder; (2) the Declarations Page of the Policy; and (3) Endorsement No. 4. We address each in turn.

First, Goyard cannot claim SR&CC coverage based on the terms of the Policy Binder. The New York Court of Appeals[1] has held:

> It has long been settled in [New York] that an insurance binder is a *temporary or interim policy* until a formal policy is issued. A binder provides interim insurance, usually effective as of the date of application, which *terminates when a policy is either issued or refused*. A binder does not constitute part of an insurance policy, nor does it create any rights for the insured other than during its effective period.

*Springer v. Allstate Life Ins. Co. of New York*, 94 N.Y.2d 645, 649 (2000) (internal citations and quotation marks omitted) (emphasis added). Thus, the Policy Binder "terminate[d] when [the] [P]olicy [] issued" and could not provide any coverage, much less SR&CC coverage, at the time of Goyard's loss. *Id.*

Nor does the Declarations Page of the Policy, in and of itself, provide any SR&CC coverage for Goyard's retail goods. While portions of the Declarations Page reference SR&CC coverage (e.g., "War & SRCC[] included in rates above," "[f]lat annual premium includes all

---

[1] The choice-of-law provision in the Policy provides that the policy is to be interpreted in accordance with federal maritime law or, in the absence of any United States federal maritime common law, the law of the state of New York. App'x 460; *see Advani Enterprises, Inc. v. Underwriters at. Lloyds*, 140 F.3d 157, 162 (2d Cir. 1998) ("Federal maritime law requires [courts] to determine 'the scope and validity of the [marine insurance] policy provisions [] involved and the consequences of breaching them' by using state law."). The district court applied New York law in its analysis, noting, "The parties cite to New York law for the interpretation dispute." Special App'x 6 n.4. On appeal, neither party challenges the district court's choice of law regarding the contract interpretation. We thus apply New York law to the contract-interpretation question.

charges for . . . SR&CC," "$1,000,000 Limit of liability" for "WAR & SR&CC," App'x 100-01), the Policy later explains that "[r]isks of [] strikes, riots and civil commotions are included in the rates detailed on the attached Policy Declarations . . . *so long as the separate . . . strikes, riots, and civil commotions endorsement remain[s] in force*." App'x 107 (emphasis added). Thus, the SR&CC coverage contemplated in the terms of the Declarations Page hinges on the existence of the SR&CC endorsement i.e., Endorsement No. 1.

Accordingly, we turn to Endorsement No. 4. The parties agree that Endorsement No. 4 extended certain insurance coverage to goods held at enumerated locations, including the 63rd Street Store. *See* App'x 140 ("[T]his Policy is hereby extended to cover goods insured under the policy to which this endorsement is attached while detained in locations approved"); Navigators' Br. at 16 ("Goyard NYC was included as a location approved by Navigators."). It is indisputable that Endorsement No. 4 insured the goods in the 63rd Street Store "subject to the same terms and conditions as applicable during transit, as set forth in the [P]olicy . . . except as hereinafter excluded or specifically provided for." App'x 140. The only question is whether the coverage extended included losses attributable to SR&CC.

The answer hinges on the interpretation of Subsection 9(E) of Endorsement No. 4. Subsection 9(E) provides that: "[n]otwithstanding anything written or printed above or elsewhere herein, and in addition to the perils excluded in the policy to which this endorsement is attached, the following perils are excluded from coverage: . . . (E) Risks excluded by the F.C. & S and SR & CC warranties contained in the open policy, to which this coverage is attached." App'x 141-42. Navigators reads this subsection to incorporate only the SR&CC Warranty Clause, which reads "NOTWITHSTANDING ANYTHING HEREIN CONTAINED TO THE CONTRARY, THIS INSURANCE IS WARRANTED FREE FROM LOSS, DAMAGE OR EXPENSE

5

CAUSED BY OR RESULTING FROM: A. strikes, lockouts, labor disturbances, *riots, civil commotions, or the acts of any person or persons taking part in any such occurrences or disorders*." App'x 119 (emphasis added). Thus, Navigators argues that loss of retail goods attributable to SR&CC is excluded from coverage. On the other hand, Goyard argues that, because Subsection 9(E) only excludes risks "excluded by the . . . SR & CC warranties *contained in the open policy, to which this coverage is attached*," we must identify the exact risks excluded by the open policy to understand whether the retail goods had SR&CC coverage. App'x 141-42 (emphasis added). Pursuant to Goyard's view, the SR&CC warranty excludes coverage for losses attributable to SR&CC events, but Endorsement No. 1 buys that coverage back, including for retail goods.

Looking within the four corners of the Policy, it is impossible to say that one interpretation is unambiguously correct. Both are reasonable. Accordingly, because the Policy terms are ambiguous, the district court should have admitted and considered relevant extrinsic evidence to resolve the ambiguity. *See Ezrasons, Inc. v. Travelers Indem. Co.*, 89 F.4th 388, 395 (2d Cir. 2023) ("Ambiguity exists where a contract's terms are subject to more than one reasonable interpretation." (internal quotation marks and brackets omitted)); *id.* at 396 ("[I]f [a] contract is ambiguous, then relevant extrinsic evidence should be admitted and considered by the factfinder to resolve the ambiguity.").

Here, while the district court found that "[e]xtrinsic evidence provides further support for summary judgment in Goyard's favor," Special App'x 5, its assessment took place against the backdrop of its prior independent finding that the text of the Policy unambiguously extended SR&CC coverage to the retail goods. Because we have determined that the Policy is ambiguous, we remand for the district court to conduct a more thorough examination of the extrinsic evidence

6

to resolve the ambiguity.  In doing so, we express no opinion as to the weight or admissibility of the available extrinsic evidence.

We also vacate and remand the district court's decisions on the loss amount and Goyard's motion for punitive damages and attorneys' fees.  It is not necessary for us to assess these arguments now; should the district court rule in favor of Navigators below, the questions related to these issues would be moot.

\*       \*       \*

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is **VACATED and REMANDED** for proceedings in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk